Jason N. Bramlett (24031875)
FRIDAY, ELDREDGE & CLARK LLP
3425 North Futrall Drive, Suite 103
Fayetteville, Arkansas 72703-4811
(479) 695-1102
Facsimile: (501) 244-5372

ATTORNEY FOR REORGANIZED DEBTOR
FFP OPERATING PARTNERS, L.P.

Tim Truman (20258000)
TIM TRUMAN, ATTORNEY
6851 N.E. Loop 820, Suite 102
Fort Worth, Texas 76180
(817)992-1313
Facsimile: (817) 428-9367

ATTORNEY FOR FFP PROPERTIES, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE** | § | **Case No. 03-90171-BJH-11** |
| | § | |
| **FFP OPERATING PARTNERS, LP** | § | |
| | § | |
| **Debtor** | § | **Chapter 11** |
| | § | |
| | § | |
| **FFP OPERATING PARTNERS, LP,** | § | **Adversary No. 05-04231** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FFP PROPERTIES, L.P.** | § | |
| | § | **HEARING: February 28, 2007** |
| **Defendant.** | § | **at 1:15 p.m.** |

## JOINT MOTION TO COMPROMISE AND SETTLE CLAIMS AND CAUSES OF ACTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

**ANY RESPONSE OR OBJECTION TO THIS MOTION MUST BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 12A24, DALLAS, TEXAS 75242-1496, BEFORE 4:30 P.M. ON FEBRUARY 12, 2006, WHICH IS TWENTY-THREE (23) DAYS FROM THE DATE OF SERVICE HEREOF. A COPY OF SUCH RESPONSE OR OBJECTION MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.IF NO OBJECTION OR RESPONSE IS**

TIMELY FILED, THE COURT MAY DEEM THE RELIEF REQUESTED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT, OR THE NOTICED ACTION MAY BE TAKEN WITHOUT FURTHER HEARING.

FFP Operating Partners, L.P., as reorganized pursuant to the confirmed Plan Proponents' Second Amended and Restated Joint Plan of Reorganization (the "Reorganized Debtor"), and FFP Properties, L.P. ("Properties") (the Reorganized Debtor and Properties, together the "Parties"), hereby file this Joint Motion to Compromise and Settle Claims and Causes of Action Pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Motion"). In support thereof, the Parties state the following:

## I.
## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the confirmed Plan Proponents' Second Amended and Restated Joint Plan of Reorganization (the "Plan"). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    This Motion is being filed to resolve substantial issues in the above-referenced Adversary Proceeding; however, in order to provide adequate and proper notice to creditors and parties-in-interest in the Debtor's bankruptcy, this Motion is filed in both the Adversary Proceeding and in the Debtor's main Bankruptcy Proceeding (capitalized terms defined below).

## II.
## BACKGROUND

A.    **General Background.**

4.    On October 23, 2003, (the "Petition Date"), FFP Operating Partners, L.P. (as a debtor and debtor-in-possession, the "Debtor") filed a voluntary petition for relief under Chapter

11 of the Bankruptcy Code. The case is currently being administered under Case Number 03-90171-BJH-11 (the "Bankruptcy Proceeding").

**B.     Properties' Proofs of Claim and Administrative Claims.**

5.      Properties filed the proofs of claim within the Bankruptcy Proceeding that are identified below (collectively the "Proofs of Claim"). The Reorganized Debtor has objected to and disputed each of the Proofs of Claim in The Reorganized Debtor's Sixth Omnibus Objection to Allowance of Claims (General Unsecured Claims) [Docket No. 2298]. Each of the Proofs of Claim filed by Properties are listed by claim number as follows:

| CLAIM NUMBER | DATE FILED | CLAIM AMOUNT |
|---|---|---|
| 476 | 03/09/2004 | $4,109,624.18 |
| 477 | 03/09/2004 | $1,101,906.48 |
| 569 | 08/31/2004 | $194,779.13 |
| 581 | 10/13/2004 | $514,243.00 |
| 621 | 11/18/2004 | $425,720.92 |
| 638 | 01/03/2005 | $17,682.81 |
| 639 | 01/03/2005 | $291,889.90 |
| 640 | 01/03/2005 | $13,689.60 |
| 641 | 01/03/2005 | $696,762.00 |
| 642 | 01/03/2005 | $6,844.80 |
| 809 | 09/21/2006 | $573,211.20 |
| **Proof of Claim Total** | | **$7,946,354.02** |

6.     Properties has also filed several motions for the allowance and payment of administrative expenses within the Bankruptcy Proceeding that are identified below (collectively the "Administrative Claims"). The Debtor or Reorganized Debtor objected to the Administrative Claims as they were periodically filed in the Bankruptcy Proceeding. The Administrative Claims filed by Properties are listed by docket number as follows:

| DOCKET NUMBER | DATE FILED | AMOUNT |
|---|---|---|
| 957 | 09/09/2004 | $117,915.19 |
| 1030 | 10/14/2004 | $467,670.11 |
| 1102 | 11/18/2004 | $7,333.67 |
| 1103 | 11/18/2004 | $1,267.02 |
| 1205 | 01/03/2005 | $9,972.75 |
| 1206 | 01/03/2005 | $15,326.71 |
| 1369 | 04/11/2005 | $218,977.51 |
| 1562 | 07/22/2005 | $1,142.00 |
| 1618, 2048 | 08/17/2005 | $9,694.00 |
| 2281 | 09/21/2006 | $18,181.13 |
| Admin. Claims Total | | $867,480.09 |

## C.     The Adversary Proceeding.

7.     On October 23, 2005, The Official Committee of Unsecured Creditors, on behalf of the Debtor's estate, as succeeded by the Reorganized Debtor, filed the present adversary proceeding (the "Adversary Proceeding") against Properties [Docket No. 1 of the Adversary Proceeding], alleging that the Debtor's estate was entitled to (a) avoid and recover certain

transfers pursuant to 11 U.S.C. §§ 547 and 550; (b) avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550; (c) recover certain loans, advances or transfers it made to Properties in an amount not less than $4.6 million; and (d) the disallowance of the claims of Properties pursuant to 11 U.S.C. §502(d).

8.    In response, Properties filed its Answer to Complaint for Money Damages and Other Relief on August 28, 2006 [Docket No. 20 of the Adversary Proceeding], contesting the allegations set forth in the Adversary Proceeding.  In particular, Properties alleged that the transfers alleged to be avoidable (the "Transfers") in the Adversary Proceeding were subject to Properties' affirmative defenses to the same as set forth in the applicable sections of the Bankruptcy Code, including, without limitation, that reasonable equivalent value was given in exchange for those Transfers that the Reorganized Debtor sought to avoid under Section 548 of the Bankruptcy Code and that new value was given in return for any Transfers that the Reorganized Debtor sought to avoid under Section 547 of the Bankruptcy Code.

### III.
### THE COMPROMISE AND SETTLEMENT AGREEMENT

9.    As set forth in more detail in the Global Compromise and Settlement Agreement annexed hereto as Exhibit "A" (the "Settlement"), the Reorganized Debtor and Properties have agreed to resolve each of the claims, issues, and causes of action that have been presented in the Adversary Proceeding, the Proofs of Claim, and the Administrative Claims, for an allowed administrative claim for Properties in the amount of $500,000 (the "Allowed Administrative Claim").

10.    The consideration to be received by the Reorganized Debtor pursuant to the Settlement is in the form of Properties' agreement to release and waive its right to all claims asserted in the case, including each of the Proofs of Claim (filed in the aggregate amount of

approximately $7.95 million) and each of the Administrative Claims (filed in the aggregate amount of $867,000).

11.  If the Settlement is approved by the Court, the Administrative Claim will be paid by the Reorganized Debtor to Properties on the Effective Date.

## IV.
## REQUEST FOR RELIEF

12.  The Reorganized Debtor and Properties respectfully request the entry of an order approving the Settlement pursuant to Federal Rule of Bankruptcy Procedure 9019(a) ("Rule 9019(a)").

## V.
## BASIS FOR RELIEF REQUESTED

13.  Bankruptcy courts have the power to approve a settlement agreement pursuant to Rule 9019(a).  A bankruptcy court should authorize the settlement of a dispute if it determines that the proposed settlement is fair and equitable and in the best interest of the estate. *Protective Comm. for Indep. Shareholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Hanson Indus. Inc.*, 88 B.R. 942 (Bankr. D. Minn. 1988).

14.  In determining whether a proposed compromise and settlement should be approved, the bankruptcy court need not conduct a "mini-trial on the merits of the settlement." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).  Instead, the bankruptcy court need only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* at 497.

15.  In determining whether a proposed settlement agreement is fair and equitable, a bankruptcy court should consider "all…factors relevant to a full and fair assessment of the

wisdom of the proposed compromise." *TMT Trailer*, 390 U.S. at 424. In particular, bankruptcy courts routinely consider the following factors:

  a.  the probability of success on the merits;

  b.  the complexity and likely duration of the litigation;

  c.  the cost of pursuing litigation;

  d.  the competency and experience of counsel who support the settlement;

  e.  the extent to which the settlement is the product of arm's length negotiation; and

  f.  the paramount interest of unsecured creditors.

*See, e.g. In re RFE Indus., Inc.*, 283 F.3d 159, 165 (3rd Cir. 2002); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980).

  16. As highlighted below, the Reorganized Debtor and Properties submit that with respect to the facts of the disputes, an application of the foregoing factors (specifically including those discussed below) favor approving the Settlement. In this case, the disputes between the Parties have been contested and the outcome of the Adversary Proceeding, the Proofs of Claim, and the Administrative Claims is highly unpredictable. Additionally, the costs of actually litigating the issues are anticipated to be high. The Settlement was reached after good faith negotiations by and between counsel and management for the Reorganized Debtor and Properties. Finally, the Reorganized Debtor believes that approval of the Settlement is in the best interests of all parties, including creditors of the Debtor's estate.

  17. <u>Probability of Success on the Merits.</u> Both the Reorganized Debtor and Properties believe that their respective positions have some likelihood of success if the matters presented in the Adversary Proceeding, Proofs of Claim, and Administrative Claims are litigated; however, as with any complex litigation matter, success is not certain. There are many variables,

uncertainties, and unique issues of law and fact that could cause the litigation to swing either way on the pendulum.  In this regard, Properties has alleged defenses that the Reorganized Debtor believes may have some merit, and the Reorganized Debtor has alleged viable theories of recovery that are legally and factually unique and complex.  As such, in order to stem the risks associated with litigation, the parties believe the Settlement represents a fair and reasonable compromise and settlement of all of the issues between the Parties.

18.    The Complexity and Likely Duration of the Litigation.  The trial of the Adversary Proceeding, the Proofs of Claim, and the Administrative Claims will involve complex issues that will likely take an extended period of time to present to the Court.  The Transfers that have been alleged to be avoidable are composed of hundreds of individual transfers that were made to or for the benefit of Properties.  Likewise, the basis for the defenses asserted by Properties is found in numerous other alleged extensions of value to the Debtor by Properties.  The factual proof for these matters is likely to take an extended amount of time and, if contested, a number of potential witnesses.  Further, the legal basis for the relief sought by the Reorganized Debtor in the Adversary Proceeding involves issues that will result in additional proof that is likely to be complex and time-intensive, including, without limitation, the Reorganized Debtor's contention that the numerous leases that the Debtor had with Properties were at above-market lease rates, thus warranting the avoidance of any lease payments paid in excess of market rates.  This issue, along with others at issue in the Adversary Proceeding, involves complex legal and factual issues that increase the specter of uncertainty for the Parties and the time required to fully try the issues.

19.    The Costs of Pursuing the Litigation.  By its very nature, litigation is expensive.  A full and completed trial of the Adversary Proceeding, the Proofs of Claim, and the Administrative Claims will be no different.  Thus far, the Parties have exchanged information

and held productive settlement discussions without expending significant amounts of funds. This, however, will change in the coming months if the Settlement is not approved. Depositions are currently scheduled during the month of January for both the Reorganized Debtor and Properties, the Reorganized Debtor has requested numerous documents from Properties, Properties has filed a motion for summary judgment which warrants a response by the Reorganized Debtor, and the trial preparation will commence in earnest towards the end of January. These matters will be highly expense for both sides.

20.    <u>The Paramount Interests of Unsecured Creditors.</u>    The Settlement is in the best interests of unsecured creditors. By and through the Settlement, the Reorganized Debtor will be settling filed proofs of claim of approximately $7.95 million and filed administrative claims of approximately $867,000 in return for the Allowed Administrative Claim.    Assuming an unsecured dividend of 7-10% (currently the Reorganized Debtor's estimated range of recovery) in the Bankruptcy Proceeding, the resolution of these claims will provide a significant benefit to other unsecured creditors in the Bankruptcy Case. Accordingly, the Reorganized Debtor submits that approval of the settlement is in the best interests of all creditors of the Debtor's estate.

## VI.
## CONCLUSION

21.    Based on the forgoing, the Reorganized Debtor and Properties believe that the Settlement represents a fair, equitable, and reasonable compromise between the Reorganized Debtor and Properties and should be approved by the Court.

WHEREFORE, the Reorganized Debtor and Properties respectfully request that this Court enter an Order granting the relief sought herein, including the approval of the Settlement between the Reorganized Debtor and Properties as set forth in Exhibit "A" hereto, and grant any further relief which may be just and equitable.

Dated: January 19, 2007

Respectfully submitted,

*/s/ Jason N. Bramlett*
Jason N. Bramlett (24031875)
FRIDAY, ELDREDGE & CLARK LLP
3425 North Futrall Drive, Suite 103
Fayetteville, Arkansas 72703-4811
(479) 695-1102
Facsimile: (501) 244-5372

**ATTORNEY FOR THE REORGANIZED
DEBTOR**

*/s/ Tim Truman*
Tim Truman (20258000)
TIM TRUMAN, ATTORNEY
6851 N.E. Loop 820, Suite 102
Fort Worth, Texas 76180
(817)992-1313
Facsimile: (817) 428-9367

**ATTORNEY FOR REORGANIZED DEBTOR
FFP PROPERTIES, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of January, 2007, a copy of the foregoing was sent by first class mail, postage prepaid to those identified on the service list annexed to the version of this document filed with the Court.

*/s/ Jason N. Bramlett*
Jason N. Bramlett

# EXHIBIT "A"

# GLOBAL COMPROMISE AND SETTLEMENT AGREEMENT

## GLOBAL COMPROMISE AND SETTLEMENT AGREEMENT

This GLOBAL COMPROMISE AND SETTLEMENT AGREEMENT (the "Agreement") is entered into between FFP PROPERTIES, L.P. ("PROPERTIES") and FFP OPERATING PARTNERS, L.P., as reorganized pursuant to its confirmed plan of reorganization, (the "REORGANIZED DEBTOR") as of the 12th day of January, 2007.

WHEREAS, on October 23, 2003 (the "Petition Date"), FFP Operating Partners, L.P. (as a debtor and debtor-in-possession, the "Debtor") filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"); the Debtor's case was administered under case number 03-90171-11 (the "Bankruptcy Proceeding");

WHEREAS, on or about October 14, 2005, the Committee, the Debtor, and certain other plan proponents filed the Second Amended and Restated Joint Plan of Reorganization (the "Plan");

WHEREAS, the Plan was confirmed by order of the Bankruptcy Court entered on October 21, 2005, and became effective on January 30, 2006 (the "Plan Effective Date") pursuant to its terms;

WHEREAS, pursuant to the Plan, certain assets and causes of action of the Debtor were transferred to the Reorganized Debtor, including, without limitation, claims and causes of action to recover certain transfers pursuant to 11 U.S.C. §§ 547-548;

WHEREAS, Properties filed the proofs of claim within the Bankruptcy Proceeding that are identified below (collectively, the "Proofs of Claim"):

| CLAIM NUMBER | DATE FILED | CLAIM AMOUNT |
|---|---|---|
| 476 | 03/09/2004 | $4,109,624.18 |
| 477 | 03/09/2004 | $1,101,906.48 |
| 569 | 08/31/2004 | $194,779.13 |
| 581 | 10/13/2004 | $514,243.00 |
| 621 | 11/18/2004 | $425,720.92 |
| 638 | 01/03/2005 | $17,682.81 |
| 639 | 01/03/2005 | $291,889.90 |
| 640 | 01/03/2005 | $13,689.60 |

COMPROMISE AND SETTLEMENT AGREEMENT
Page 1 of 6

| 641 | 01/03/2005 | $696,762.00 |
| 642 | 01/03/2005 | $6,844.80 |
| 809 | 09/21/2006 | $573,211.20 |
| **Proof of Claim Total** | | **$7,946,354.02** |

WHEREAS, the Reorganized Debtor has objected to and disputed each of the Proofs of Claim in the Reorganized Debtor's Sixth Omnibus Objection to Allowance of Claims (General Unsecured Claims) [Docket No. 2298];

WHEREAS, Properties has also filed several motions for the allowance and payment of administrative expenses within the Bankruptcy Proceeding that are identified below (collectively the "Administrative Claims"):

| DOCKET NUMBER | DATE FILED | AMOUNT |
|---|---|---|
| 957 | 09/09/2004 | $117,915.19 |
| 1030 | 10/14/2004 | $467,670.11 |
| 1102 | 11/18/2004 | $7,333.67 |
| 1103 | 11/18/2004 | $1,267.02 |
| 1205 | 01/03/2005 | $9,972.75 |
| 1206 | 01/03/2005 | $15,326.71 |
| 1369 | 04/11/2005 | $218,977.51 |
| 1562 | 07/22/2005 | $1,142.00 |
| 1618, 2048 | 08/17/2005 | $9,694.00 |
| 2281 | 09/21/2006 | $18,181.13 |
| **Admin. Claims Total** | | **$867,480.09** |

WHEREAS, the Debtor or Reorganized Debtor objected to the Administrative Claims as

**COMPROMISE AND SETTLEMENT AGREEMENT**
Page 2 of 6

they were periodically filed in the Bankruptcy Proceeding;

WHEREAS, on October 23, 2005, The Official Committee of Unsecured Creditors, on behalf of the Debtor's estate, as succeeded by the Reorganized Debtor, filed the adversary proceeding (the "Adversary Proceeding") against Properties [Docket No. 1 of the Adversary Proceeding], alleging that the Debtor's estate was entitled to (a) avoid and recover certain transfers pursuant to 11 U.S.C. §§ 547 and 550; (b) avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550; (c) recover certain loans, advances or transfers it made to Properties in an amount not less than $4.6 million; and (d) the disallowance of the claims of Properties pursuant to 11 U.S.C. §502(d);

WHEREAS, on or about March 13, 2006, the Bankruptcy Court entered its Agreed Order on Unopposed Motion to Substitute FFP Operating Partners, L.P. as Reorganized, as Plaintiff in the Adversary Proceeding;

WHEREAS, Properties filed its Answer to Complaint for Money Damages and Other Relief on August 28, 2006 [Docket No. 20 of the Adversary Proceeding], contesting the allegations set forth in the Adversary Proceeding and alleging that the transfers alleged to be avoidable (the "Transfers") in the Adversary Proceeding were subject to Properties' affirmative defenses to the same as set forth in the applicable sections of the Bankruptcy Code, including, without limitation, that reasonable equivalent value was given in exchange for those Transfers that the Reorganized Debtor sought to avoid under Section 548 of the Bankruptcy Code and that new value was given in return for any Transfers that the Reorganized Debtor sought to avoid under Section 547 of the Bankruptcy Code;

WHEREAS, the Reorganized Debtor and Properties have conducted negotiations in good faith and to avoid the expense, inconvenience, delay and uncertainty of possible litigation, and have reached an agreement to fully and completely resolve their claims against each other on the terms and conditions set forth herein.

NOW, THEREFORE, in return for the releases, covenants and payments set forth herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Reorganized Debtor and Properties agree as follows:

1. <u>Effective Date.</u> This Global Compromise and Settlement Agreement shall not become effective between the Parties until the later of (a) the eleventh (11th) day after the Bankruptcy Court enters an order approving the terms and conditions hereof pursuant to that certain Joint Motion to Compromise and Settle Claims and Causes of Action Pursuant to Federal Rule of Bankruptcy Procedure 9019 or (b) all appeals, motions for rehearing, or other requests for review have been disposed of and any order approving this Global Compromise and Settlement Agreement has become final and unappealable (the "Effective Date").

2. <u>Settlement Consideration.</u> In consideration for the releases, waivers, and other terms and conditions set forth below, Properties shall have an allowed administrative claim in the Bankruptcy Proceeding in the amount of Five Hundred Thousand and No/100 Dollars ($500,000.00), which shall be paid by the Reorganized Debtor to Properties on the Effective Date.

3.   Releases.

(a)   Properties' Release.   Upon the Effective Date, Properties fully and forever releases the Debtor, the Reorganized Debtor, the Debtor's estate, and its or their respective officers, directors, successors, and all other persons acting for, under or in concert with them, past and present, of and from any and all claims, demands, actions, causes of action, obligations, damages, liabilities, loss, costs or expenses, including attorney's fees, of any kind or nature, whatsoever, past or present, ascertained or unascertained, matured or unmatured, suspected or claimed, arising from the Proofs of Claim, the Administrative Claims, any claims or defenses raised in the Adversary Proceeding or arising out of claims that could have been asserted therein, including, without limitation, any claims that could be asserted pursuant to 11 U.S.C. § 502(h), and all other claims which could have been asserted by and between Properties against the Reorganized Debtor or Debtor; provided, however, that Properties does not hereby waive, relinquish or in any way release any rights or obligations arising out of this Agreement.

(b)   The Reorganized Debtor's Release.   Upon the Effective Date, the Reorganized Debtor fully and forever releases Properties and its officers, directors, successors, and all other persons acting for, under or in concert with them, past and present, of and from any and all claims, demands, actions, causes of action, obligations, damages, liabilities, loss, costs or expenses, including attorney's fees, of any kind or nature, whatsoever, past or present, ascertained or unascertained, matured or unmatured, suspected or claimed, arising from the Adversary Proceeding, or the claims raised in the Adversary or arising out of claims that could have been asserted therein; provided, however, that the Reorganized Debtor does not hereby waive, relinquish or in any way release any rights or obligations arising out of this Agreement.

4.   Dismissal of Adversary Proceeding.   Within ten (10) calendar days of the Effective Date the Reorganized Debtor shall dismiss the Adversary Proceeding with prejudice.

5.   Miscellaneous.

(a)   Each party shall bear its own costs and attorneys' fees.

(b)   Each person executing this Agreement represents that he or she is the authorized representative of the proper party to this Agreement and that he or she is authorized to execute this Agreement on behalf of the party so indicated.

(c)   This Agreement constitutes the entire agreement of the parties hereto with respect to the settlement of the matter described herein, and may be amended only by the written agreement of each of the parties hereto.

(d)   Nothing in this agreement shall constitute an admission of liability or an acknowledgement of any defense.

(e)   This Agreement may be executed in multiple counterparts, each of which will be deemed an original and all of which shall constitute one and the same instrument. Facsimile and electronic signatures shall be treated as original signatures for all purposes.

(f)     Properties represents and warrants that it has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity any matter released hereunder or any portion thereof or interest therein, and Properties agrees to indemnify, defend and hold the Reorganized Debtor harmless from and against any and all claims based on or arising out of any such assignment or transfer.

(g)     The Reorganized Debtor represents and warrants that it has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity any matter released hereunder or any portion thereof or interest therein, and agrees to indemnify, defend and hold Properties harmless from and against any and all claims based on or arising out of any such assignment or transfer.

(h)     This Agreement shall be governed and construed in accordance with the applicable laws of the State of Texas.

(i)     Except as expressly stated herein, this Agreement shall inure to the benefit of, and shall be binding upon, each of the parties hereto and each of their successors, predecessors, assigns, respective agents, principals, servants, employees, officers, directors, members, shareholders, accountants, attorneys, representatives, parent or subsidiary companies, affiliated businesses, and all persons natural or corporate in privity, directly or indirectly, with them or any one of them.

**EXECUTED** as of the date first hereinabove written.

*[SIGNATURE PAGES TO FOLLOW]*

**FFP PROPERTIES, L.P.**

By: FFP Partners, L.P., its general partner
   By: FFP Real Estate Trust, its general
     partner

     By: _____
         Craig T. Scott, President

**FFP OPERATING PARTNERS, L.P.**

By: _____
    Mark Lipscomb,
    President, FFP Operating Partners, L.P.

**FFP PROPERTIES, L.P.**

By: FFP Partners, L.P., its general partner
    By: FFP Real Estate Trust, its general
        partner

      By: _____
          Craig T. Scott, President

**FFP OPERATING PARTNERS, L.P.**

By: _____
    Mark Lipscomb,
    President, FFP Operating Partners, L.P.

FFP Operating Partners, LP
20 Largest and NOA
Mailing Matrix
Doc ID #1340276v1
Updated: 1/19/2007 10:28 AM

Tim Truman, Esq.
Hill Gilstrap, P.C.
FFP Properties, L.P.
6851 N.E. Loop 820, Suite 102
Ft. Worth, TX 76108-6608

Michael D. Warner
Warner, Stevens & Doby, LLP
301 Commerce Street, Suite 1700
Ft. Worth, TX 76102

Affiliated Food Inc
P.O. Box 2865
Amarillo TX 79105-9979

Banco Popular National Association
9600 Long Point Rd., Suite 300
Houston, TX 77055-4246

Mr. Jim Meadows
Banco Popular
1615 Little York
Houston, TX 77096

Mr. Alan Gallaway
Big Red/7up Bottling S Tex
P O Box 200243
San Antonio, TX 78220-0243

Bob Byrnes
2801 Glenda Avenue
Fort Worth, TX 76117-4391

Bob Bodoin / Randy Agnew
Bodoin Burnside Burge & Agnew PC
801 Cherry St., Unit 31, Suite 3450
Fort Worth, TX 76102

Bordens
P.O. Box 972431
Dallas, TX 75397-2431

~~Cabell Finch~~
~~GMAC Commercial Mortgage~~
~~5730 Glenridge Dr., Suite 305~~
~~Atlanta, GA 30328~~
*Returned 8-29-05, not deliverable as addressed*

Cenex
Division of CHS Corp.
P.O. Box 64089
St. Paul, MN 55164-0089

S. Jeffrey Bednar
Citgo Petroleum Corporation
P.O. Box 3758
Tulsa, OK 74102-3758

Conoco Branded
1330 Plaza Office Bldg
315 Johnstone
Bartlesville, OK 74004

~~Daniel Hodges~~
~~FMAC~~
~~3232 McKinney Ave., Ste. 1010~~
~~Dallas, TX 75204~~
*Address Undeliverable*

Davidson Oil
100 East 7th Avenue
Amarillo, TX 79101

Diamond Shamrock Branded
1 Valero Way
San Antonio, TX 78249

~~Don D. Sunderland~~
~~Mullin Horad & Brown, LLP~~
~~P.O. Box 31656~~
~~Amarillo, TX 79120-1656~~
*Do not Mail per Attorneys' Request-ECF List*

Eric Terry
Haynes and Boone, LLP
*Neutze Properties, Ltd.*
112 East Pecan St., Suite 1600
San Antonio, TX 78205

F. John Istre, III
Cowles & Thompson
GMAC Commercial Mortgage Corp.
901 Main Street, Suite 4000
Dallas, TX 75202-3707

Tim Cathy
AMC of America
600 E. Las Colinas, Suite 200
Irving, TX 75039

Wells Fargo Bank
Kingsville Main
601 S. 14th Street
Kingsville, TX 78363

Fina Hybrid
7616 LBJ Freeway, Suite 300
Dallas, TX 75251-1100

Mortgage Acceptance Co.
P.O. Box 294
White Plains, NY 10605-0294

~~Franchise Mortgage Acceptance Co.~~
~~1840 Gateway Drive, Suite 301~~
~~White Plains, NY 10604~~
*Unable To Deliver*

Frito Lay, Inc
75 Remittance Dr Ste 1074
Chicago IL 60675-1074

Grocery Supply Company
130 Hillcrest
Sulphur Springs, TX 75482

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Joe Leonardo
216 Meadow Bay Court
Lake Mary, FL 32746

Joe Sands
The Spectrum Capital Group
320 Gold Ave. S.W. Suite 1440
Albuquerque, NM 87102

Louisiana Coca-Cola
P.O. Box 932767
Atlanta, GA 31193-2767

Marathon Ashland
539 S. Main St., Rm 1014m
Findlay, OH 45840

Mark Petrocchi
Colvin & Petrocchi, L.L.P.
801 Cherry Street, Unit #35, Suite 2485
Fort Worth, TX 76102

Mark Bronson
2801 Glenda Avenue
Fort Worth, TX 76117-4391

Edith Stuart Phillips
Office of the Texas Attorney General
Bankruptcy-Collections Division
P.O. Box 12548, MC-008
Austin, TX 78711-2548

Mark Browning, Assistant Attorney
Texas Comptroller of Public Accounts
P.O. Box 12548
Austin, TX 78711-2548

Michael Lederman
The Spectrum Capital Group
320 Gold Ave. S.W., Suite 1440
Albuquerque, NM 87102

Michael G. Smith, Esq.
Randolph S. Meacham, P.C.
P.O. Box 1236
Clinton, OK 73601

Mr. Todd V. Jones
GE Capital Franchise Finance Corporation
General Electric Capital Corporation
10900 NE 4th Street, Suite 500
Bellevue, WA 98009-7550

Pete Neutze
Neutze Properties Limited
2066 East Main Street
Uvalde, TX 78801

~~Premcor Refining Gp. Inc~~
~~8182 Maryland Ave.~~
~~St. Louis, MO 63105~~

J. Robert Forshey / R. Lee Barrett
Forshey & Prostok, L.L.P.
777 Main Street, Suite 1290
Fort Worth, TX 76102

Chad Pickel
Rice Wholesale Co., Inc.
PO Box 323
Bristol, VA 24203

Robert J. Clary
Owens, Clary & Aiken, LLP
700 North Pearl Street, Suite 1600
Dallas, TX 75201

Southwest Division Coca-cola
P O Box 848088
Dallas, TX 75284-8088

Stephen C. Stapleton
Cowles & Thompson, PC
901 Main St., Suite 4000
Dallas, TX 75202-3793

Stephen M. Pezanosky
Haynes and Boone, LLP
Neutze Properties, Ltd.
201 Main Street, Suite 2200
Fort Worth, TX 76102-3126

Steve K. Rutherford
McLeroy, Litzler, Rutherford et al
430 Church Street
Sulphur Springs, TX 75482

Sysco Food (San Antonio)
P O Box 1981
San Antonio, TX 78297-1981

~~Sysco Food (Dallas)~~
~~P O Box 300014~~
~~Dallas, TX 75303-0014~~
*Returned - Refused*

~~Tom Kania~~
~~Franchise Mortgage Acceptance Corporation~~
~~Three American Lane~~
~~Greenwich, CT 06831~~
*Undeliverable as addressed*

Mary Frances Durham
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

~~Michael P. Massad, Jr.~~
~~Insight Equity Acquisition Partners d/b/a Direct Fuels~~
~~Hunton & Williams LLP~~
~~1601 Bryan St., 30th Floor~~
~~Dallas, TX 75201~~
*Removed from list 5-17-04*

William Wallander / Michaela Crocker
Vinson & Elkins, L.L.P.
Long Lane Master Trust IV & MTGLQ Investors LP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201

Jeremiah Nixon, Attorney General
Gary Barnhart, Special Asst. Atty General
Missouri Depart. Of Revenue
301 W. High Street, Room 670
Jefferson City, MO 65105-0475

J.D. St. Clair
Nu-Way Energy Corporation, et al.
2801 Glenda Avenue
Fort Worth, TX 76117

David G. Aelvoet
Linebarger Goggan Blair & Sampson, LLP
Bexar County & City of El Paso
Travis Bldg., 711 Navarro, Suite 300
San Antonio, TX 78205

~~The Precor Refining GP, Inc.~~
~~8182 Maryland Ave.~~
~~St. Louis, MO 63105~~

John R. Jones, Esq.
*Banco Popular, N.A.*
Delgado, Acosta, Braden & Jones, P.C.
221 N. Kansas, Suite 2000
El Paso, TX 79901

James S. Wilson/National Collections
AETNA
1425 Union Meeting Road
Blue Bell, PA 19422

~~Bank of America~~
~~P.O. Box 798~~
~~Wichita, KS 67201~~
*Unable to forward*

William Kaye
Coca-Cola Enterprises, Inc.
31 Rose Lane
Rockaway, NY 11518

Tom's Foods (Atlanta) &
Tom Foods (Atlanta)
P.O. Box 60
Columbus, GA 31901

Dan Carey or Teri Mace
TXU Energy Retail Company
1601 Bryan, 7th Floor
Dallas, TX 75201

Peter Michael Reed
McCreary Veselka Bragg & Allen, P.C.
P.O. Box 26990
Austin, TX 78755

Shelley L. Forrest
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102

Lori Robertson
Linebarger Goggan, Blair & Sampson
P.O. Box 17428
Austin, TX 78760

James W. Deatherage, Esq.
*Irving ISD*
800 W. Airport Frwy., Suite 518, LB 6060
Irving, TX 75062

Patrick J. Neligan, Jr.
Neligan Tarpley Andrews & Foley, LLP
*Winthrop Resources*
1700 Pacific Ave., Suite 2600
Dallas, TX 75201

Elizabeth Weller
Linebarger Goggan Blair & Sampson
*Texas Ad Valorem Tax Authorities*
2323 Bryan St., Suite 1600
Dallas, TX 75201

Joe P. Dillman
Linebarger, Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

Curtis A. Enke (Alternate-Mike Castellon)
Sysco Food Services of San Antonio, LP
P.O. Box 18364
San Antonio, TX 78218

Gerold E. Washington
The Coca-Cola Company
Legal Receivables Analyst
P.O. Box 105037
Atlanta, GA 30348-5037

Stephen A. Youngman
Weil Gotshal & Manges LLP
General Electric Capital Corporation
200 Crescent Court, Suite 300
Dallas, TX 75201

Jeffrey R. Fine / Matthew J. Cleaves
Hughes & Luce, LLP
AMRESCO Commercial Finance, Inc.
1717 Main Street, Suite 2800
Dallas, TX 75201

R-K-D Investments, Inc.
P.O. Box 820692
Ft. Worth, TX 76180

Russell W. Mills, Esq.
Xavier and Irene Duenez
Hiersche Hayward Drakeley & Urbach P.C.
15303 Dallas Parkway, Suite 700
Addison, TX 75001

Paul Nussbaum / Brent Strickland
Whiteford, Taylor & Preston, LLP
Seven St. Paul Street, Suite 1400
Baltimore, MD 21202

Andrews Sheehan, Esq.
Law Offices of Robert E. Luna, P.C.
Garland Independent School District
4411 N. Central Expressway
Dallas, TX 75205

~~Hidalgo I.S.D. & City of Hidalgo~~
~~c/o John Banks~~
~~Perdue, Brandon, Fielder, Collins & Mott, LLP~~
~~6300 La Calma Dr., Suite 450~~
~~Austin, TX 78752~~
*Removed from Service List as of 3/19/04*

Lee L. Cameron, Jr., Esq.
Wilson, Elser, Moskowitz,, et al
*Warehouse Package Stores, Inc.*
1201 Elm Street, Suite 5000
Dallas, TX 75270

Joe Guthner
Frito-Lay, Inc.
7701 Legacy Drive
Plano, TX 75024-4099

Mary Ann Farmer
Grocery Supply Company
P.O. Box 638
Sulphur Springs, TX 75483

~~Jeromy D. Hughes, Esq.~~
~~Brown Sims, P.C.~~
~~1177 W. Loop South, 11th Floor~~
~~Houston, TX 77027-9007~~
*Requested to be Removed on 8/22/05*

Abigail R. Nesbitt
Winthrop Resources Corp.
11100 Wayzata Blvd., Ste. 800
Minnetonka, MN 55305

Thomas A. Lee, III, Esq.
Becket and Lee, LLP
American Express Travel Related Services Co., Inc.
P.O. Box 3001
Malvern, PA 19355-0701

Sheila A. Armstrong, Esq.
Kirkpatrick & Lockhart LLP
Citizens Bank & Trust
2828 North Harwood, Suite 1800
Dallas, TX 75201

Matthew Anderson / John Rosentreter
Gibson, Hotchkiss, Roach & Davenport
Clement Trust
807 8th St., 8th Floor
Wichita Falls, TX 76301-3368

Elizabeth Banda
Perdue Brandon Fielder, et al
*Certain Texas Taxing Authorities*
P.O. Box 13430
Arlington, TX 76094-0430

David McCall, Esq.
Gay, McCall, Isaacks, Gordon & Roberts, P.C.
777 East 15th Street
Plano, TX 75074

GMAC Commercial Mortgage
Attn: FMAC Portfolio Manager
5730 Glenridge Dr., Suite 305
Atlanta, GA 30328
*Returned Mail on 1/11/05*

Leo Villarreal
P.O. Box 1433
Kingsville, TX 78364-1433

Stuart H. Simms, Esq.
Law offices of James L. Brister, PLLC
Judson I.S.D.
2117 Pat Booker Rd, Suite A
Universal City, TX 78148-3203

Craig Scott, President
FFP Properties, L.P.
4204 N.E. 28th Street
Ft. Worth, TX 76117

Clayton E. Mayfield, Esq.
Linebarger Goggan Blair & Sampson, LLP
Jefferson County
1148 Park Street
Beaumont, TX 77701-3614

Tennessee Department of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
PO Box 20207
Nashville, TN 37202-0207

Tab Beall
Perdue Brandon Fielder Collins & Mott LLP
P.O. Box 2007
Tyler, TX 75710-2007

Margaret Hoffman, Exec. Dir.
Texas Comm. On Environmental Quality
P.O. Box 13087
Austin, Texas 78711

Brooks Mitchell, Director
Petroleum Storage Tank Division
Oklahoma Corporation Commission
P.O. Box 52000
Oklahoma City, OK 73152

John Balkenbush
Hazardous Waste Program, Tanks Section
Missouri Dept. of Natural Resources
P.O. Box 176
Jefferson City, MO 65102-0176

James Shell, Chief
Regulated Storage Tanks Division
Arkansas Dept. of Environmental Quality
P.O. Box 8913
Little Rock, AR 72219-8913

Mississippi Dept. of Environmental Quality,
Office of Pollution Control
Underground Storage Tank Section
P.O. Box 10385
Jackson, MS 39289-0385

Jodi Miller
Office of Environmental Services
Permits Division-Registrations & Cert.
Louisiana Dept. of Environmental Quality
P.O. Box 4313
Baton Rouge, LA 70821-4313

Lori Terry, Manager
UST Branch
Kentucky Division of Waste Management
14 Reilly Road
Frankfort, KY 40601

Clint Willer, Acting Director
Division of Underground Storage Tanks
Tennessee Dept. of Environ. & Conservation
501 Church Street, 4th Floor. L&C Tower
Nashville, TN 37243-1541

Insight Equity
1400 Civic Place, Ste. 250
Southlake, TX 76092

Warner Williams
Direct Fuels
12625 Calloway Cemetery Road
Euless, TX 76040

Tina Patel, Esq.
Patel & Assoc., PLLC
100 N. Central Expwy., Suite 900
Richardson, TX 75080

James J.S. Johnson, Esq.
Mainland Quick Market, Inc.
P.O. Box 2952
Dallas, TX 75221

Steve Weakley, Esq.
Duncan, Weakly & Bressler, Inc.
Mass Marketing, Inc., d/b/a Super S Foods
1020 N.E. Loop 410, Ste. 500
San Antonio, TX 78209-1224

Ray Walker, Esq.
Walker & Long
Mainland Quick Market, Inc.
7502 Greenville Ave., Suite 320
Dallas, TX 75231

St. Clair Newbern, III
Law Offices of St. Clair Newbern, III, P.C.
1701 River Run Road, Suite 1000
Ft. Worth, TX 76107

Janna W. Clarke, Esq.
309 West Seventh Street, Suite 1100
Ft. Worth, TX 76102
*Requested to be Removed on 8/3/05*

Thomas Grace
Locke Liddell & Sapp LLP
600 Travis Street, Suite 3400
Houston, TX 77002

Rehan Alimohammad, Esq.
Esani & Momin, PC
4800 Sugar Grove, Suite 1100
Stafford, TX 77477

C. Wade Cooper
Jackson Walker L.L.P.
*Harbur & Harbur, L.P.*
100 Congress Ave., Suite 1100
Austin, TX 78701

Gerritt Pronske
Kilpatrick & Lockhart
Nicholson Graham, LLP
2828 N. Harwood St., Suite 1800
Dallas, TX 75201

Gary D. Barnes
Husch & Eppenberger, LLC
1200 Main Street, Suite 2300
Kansas City, MO 64105

Richard B. Roper, US Attorney
Howard A. Borg, Asst. US Attorney
*Internal Revenue Service*
801 Cherry St., Suite 1700, Unit No. 4
Fort Worth, TX 76102-6882

Richard Andrews, President
A Squared, Inc.
P. O. Box 18862
Corpus Christi, TX 78480

Joseph F. Postnikoff
Goodrich Postnikoff & Albertson, LLP
Viengsay Khanthaphone & Chanthala Saysanasongkham
777 Main Street, Ste. 1360
Ft. Worth, TX 76102

Jason Bramlett
Friday, Eldredge & Clark, LLP
3425 North Futrall Drive, Suite 103
Fayetteville, AR 72703-6252

Kent F. Brooks
Law Office of Kent F. Brooks
8117 Preston Road, Suite 300
Dallas, TX 75225

Alan S. Trust
Trust Law Firm, P.C.
Renaissance Tower
1201 Elm Street, Suite 5270
Dallas, TX 75270

Ramona S. Notinger, Esq.
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, TX 75201

Kajani & Associates, P.C.
The Center
8303 Southwest Freeway, Suite 730
Houston, TX 77074

Robert O. Rafuse
State Bar No. 16463900
Rafuse Law Firm, P.C.
Energy Center
710 Lamar, Suite 440
Wichita Falls, TX 76301